UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS COOKSEY, | No. C 06-383 MHP (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| S. F. SHERIFF'S DEPUTY F. FIELDS, | |
| Defendant. | |

Defendant filed a motion for summary judgment on November 2, 2006. Plaintiff did not file his opposition by the deadline of December 8, 2006, and instead filed what appeared to be a discovery motion. The court denied the discovery motion and allowed further briefing on the motion for summary judgment, directing plaintiff to file his opposition by May 25, 2007. Plaintiff did not file his opposition by the extended deadline to do so. Instead, plaintiff filed a letter dated May 24, 2007 complaining about a discovery response, and filed on June 26, 2007 motions for appointment of counsel, in forma pauperis status, and pro per status.

Plaintiff complained about a discovery response he did not like in a May 24, 2007 letter to the court. Plaintiff obtains no relief because he did not comply with the court's February 26, 2007 Order Denying Plaintiff's Discovery Motion And Allowing Further Briefing. That order explained how the discovery process worked and what plaintiff needed to do if he wanted to compel discovery responses.

Plaintiff's motion for appointment of counsel to represent him in this action is DENIED. (Docket # 28.) A district court has the discretion under 28 U.S.C. §1915(e)(1) to

1 designate counsel to represent an indigent civil litigant in exceptional circumstances. See
2 Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of
3 both the likelihood of success on the merits and the ability of the plaintiff to articulate his
4 claims pro se in light of the complexity of the legal issues involved. See id. Neither of these
5 factors is dispositive and both must be viewed together before deciding on a request for
6 counsel under section 1915(e)(1). Exceptional circumstances requiring the appointment of
7 counsel are not evident.

Plaintiff's application to proceed in forma pauperis filed in support of his motion for appointment of counsel is DISMISSED as unnecessary. (Docket # 30.) The court already granted plaintiff leave to proceed as a pauper on June 2, 2006.

Plaintiff's last motion is a "motion for statement of pro-per status." To the extent plaintiff seeks a written confirmation that he is proceeding without representation of counsel in this action, the motion is GRANTED in part. (Docket # 30.) The court confirms that plaintiff is representing himself in this action. The court will not, however, order plaintiff's jailers to provide him any particular amount of time in the law library or supplies.

The court once again, and for the last time, grants an extension of time for plaintiff to file his opposition to defendant's motion for summary judgment. Plaintiff must file and serve his opposition to the motion for summary judgment no later than **August 17, 2007**. This deadline will not be extended for any reason, including the pendency of any discovery request or any motion. Defendant may file and serve his reply brief no later than **August 31, 2007**.

Plaintiff has informed the court that he has been moved to the San Bruno facility of the San Francisco County Jail. The clerk will mail this order to him at that address and update the court's records to reflect the new address.

IT IS SO ORDERED.

Dated: July 19, 2007

_____
Marilyn Hall Patel
United States District Judge

2